UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

FI-MED MANAGEMENT INC.,

          Plaintiff,

       v.                            Case No. 11-C-0155

CLEMCO MEDICAL INC.,
JEFFREY D. CLEM,
CHRISTOPHER P. CLEM,
BARBARA J. CLEM,

          Defendants.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION (DOC. # 4)

On January 7, 2011, plaintiff filed its complaint in Milwaukee County Circuit Court alleging various state law causes of action, including breach of the asset purchase agreement, declaratory judgment, tortious interference with current as well as prospective business relationships, and civil conspiracy to injure business. *See* Doc. # 1, Ex. A. A notice of removal to this court was timely filed on February 9, 2011, in accordance with 28 U.S.C. § 1446(b). *See id.* Defendants Jeffrey Clem, Christopher Clem, and Barbara Clem then filed a joint Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) asserting lack of personal jurisdiction. *See* Doc. # 4. Clemco Medical, Inc. is not a party to the motion and the court presumes that it does not contest personal jurisdiction. The matter is fully briefed and the court's decision is set forth below.

The individual defendants contend that Wisconsin's long-arm statute does not extend to them and that they have not had sufficient minimum contacts with Wisconsin for the court to exercise personal jurisdiction over them. *See* Doc. # 4. Moreover, they

argue that it would be unfair, burdensome, and unreasonable for the court to find that it ahs personal jurisdiction over them. *Id.* at pp.4-7. Plaintiff counters that these individual defendants have waived the right to contest personal jurisdiction because they assented to a forum selection and venue clause contained in the Asset Purchase Agreement ("Agreement") at issue in this case. *See* Doc. # 15 at p.9. Alternatively, they argue that apart from the signed waivers the exercise of personal jurisdiction would not offend defendants' due process rights. *See id.* at pp.12-16. Because the court finds that the forum selection and venue clause signed by the individual defendants in the Agreement is valid and enforceable, there is no need to address the arguments regarding Wisconsin's long-arm statute.

> The forum selection clause in the Agreement reads in pertinent part:
>
> 6.08 Governing Law; Venue. This Agreement *shall* be governed by and construed and enforced in accordance with the internal laws of the State of Wisconsin regardless of its conflicts of laws principles. Any action concerning this Agreement *shall* be commenced in Circuit Court in Milwaukee County, Wisconsin.

*See* Doc. # 4-4 at p.20. (emphasis added). Each of the defendants signed the Agreement, signifying their assent to the terms and conditions of the Agreement. *See id.* at p.22. However, defendants argue that their signature only applies to Sections 5.06 and 5.08 of the Agreement, to the exclusion of the remaining contract. *See* Doc. # 4-4 at p.1.; Doc. # 4 at p.3-4. These two sections refer to the non-competition clause (section 5.06) and the clause providing for consulting services (section 5.08) respectively.

"In construing contracts, every provision should be given effect and the words should be read with their ordinary meaning." *Paper Express, Ltd. v. Pfankuch*

*Maschinen GmbH*, 972 F.2d 753, 755 (7th Cir. 1992) (citations omitted). Under Wisconsin law, "the general rule as to construction of contracts is that the meaning of *particular provisions in the contract is to be ascertained with reference to the contract as a whole*." *Tempelis v. Aetna Casualty & Surety Co.*, 169 Wis. 2d 1, 485 N.W.2d 217, 220 (Wis. 1992) (emphasis added). Defendants' argument belies reason as it asks the court to read the two cited provisions in complete isolation from the overall terms and conditions of the Agreement. If that were done, the language contained in sections 5.06 and 5.08 would be devoid of some substantive meaning because terms used in those sections rely on definitions generally defined by another provision of the contract. Section 1.01 of the Agreement outlines certain defined terms contained in and used throughout the Agreement. Without reference to such definitions, the terms used in other areas of the Agreement would be meaningless, ambiguous, or superfluous. For example, section 1.01 defines several terms used in sections 5.06 and 5.08, including, but not limited to: "Action," "Agreement," "Claims," and "Liabilities." Without reference to section 1.01, there could be no meeting of the minds with respect to how those terms are used, and what effect should be given to such terms throughout the Agreement. The court declines defendants' invitation to entertain such a tunneled analysis of the Agreement.

Reading the Agreement as a whole, the Seventh Circuit has held that "where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Muzumbar v. Wellness International Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006).

Section 6.08 of the Agreement is clearly written in mandatory terms and covers both jurisdiction and venue (i.e. "shall be governed by" and "shall be commenced"). The Seventh Circuit has repeatedly upheld such provisions. *See id.* (upholding district court's enforcement of the forum selection clause containing "shall be proper only" and "shall be proper" language). Personal jurisdiction is waivable and by signing a valid forum selection clause, defendants have assented to jurisdiction in Wisconsin, their arguments of insufficient minimum contacts with the state notwithstanding. *See, e.g.*, *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 589 (7th Cir. 2005) (Finding defendant's contention of insufficient minimum contacts meritless as "Ms. Flegle signed a valid forum selection clause, and 'obviously, a valid forum-selection clause, even standing alone, can confer personal jurisdiction.' [She] is deemed to have waived her objection to personal jurisdiction.") (internal quotes and citation omitted).

The forum selection clause here is unambiguous and thus expresses the intent of the parties, and as such, it is valid and enforceable under federal and Wisconsin law. *See Muzumdar*, 438 F.3d at 761; *Converting/Biophile Labs., Inc. v. Ludlow Composites Corp.*, 296 Wi. 2d 273, 722 N.W.2d 633, 640 (Wis. Ct. App. 2006) ("A contract's forum-selection clause is presumptively valid in Wisconsin.") (citation omitted). Absent unconscionability, fraud, or a violation of public policy, the forum selection clause will be enforced. None of the foregoing is argued here by defendants. Although defendants argue that exercising personal jurisdiction over them would be unfair, burdensome, and unreasonable, *see* Doc. # 4 at p.8, the court is not persuaded of the same, inasmuch as they assented to the valid forum selection clause contained in section 6.08 of the Agreement. Accordingly,

4

IT IS ORDERED that defendants' motion to dismiss (Doc. # 4) is denied.

Dated at Milwaukee, Wisconsin, this 27th day of May, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE